In the Matter of the Claim of ANNA LIEBOWITZ, as Executrix of THEODORE CROWL, Deceased, Respondent, v. MARTINS DEPARTMENT STORE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and carrier appeal from a decision of the Workmen's Compensation Board which determined that hemiplegia and paralysis, together with burns on the face of the decedent, were causally related to an accident on June 4, 1959. It appears that on that day, the employee, as part of his regular work, was lifting a barrel of Freon gas, weighing about two hundred pounds, when it slipped, knocking him down, his head striking against a compressor. The employee (now deceased) testified that, as he lay on the floor, the Freon gas entered his mouth, causing a sensation of suffocation until he passed out. While the record contains some testimony in conflict with that of the decedent as to the happening of the accident, it was a factual question and the board had the right to accept the claimant's version thereof. The medical testimony established that the claimant suffered from a pre-existing hypertension and vascular disease but that his blood pressure was under control and within normal limits prior to the accident. The doctor for the claimant testified that the work the claimant was doing prior to the accident would raise his blood pressure, and that, coupled with the excitement of the accident, undoubtedly caused the arteriosclerotic vessel to blow out. The doctor for the appellants testified that if the accident happened as related by the claimant, it conceivably could contribute to causing the stroke. The board had whatever conflicting testimony there was for its consideration and having found in favor of the claimant decedent, such finding was supported by substantial evidence. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.